PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 08/2021)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

Islam Yaser-AB Said   06597-509
Plaintiff's Name and ID Number

F.CI Big Spring Federal Correctional Instituton
Place of Confinement

CASE NO. 1-23CV-0038H
(Clerk will assign the number)

v.

DR. Moreno F.CI Big Spring Texas
Defendant's Name and Address

DR. Wheat, DR Lubber, MS Patton F.CI Big Spring Texas
1900 Simler Ave
Big Spring, Texas, 78720
Defendant's Name and Address

DR Winger F.CI Big Spring Texas
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES _X_NO
    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit:_____
        2. Parties to previous lawsuit:
           Plaintiff(s)_____
           Defendant(s)_____
        3. Court: (If federal, name the district; if state, name the county.)_____
        4. Cause number:_____
        5. Name of judge to whom case was assigned:_____
        6. Disposition: (Was the case dismissed, appealed, still pending?)_____
        7. Approximate date of disposition:_____

II. PLACE OF PRESENT CONFINEMENT: F.C.I BIG SPRING TEXAS

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   X YES   __ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _____

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: DR. MORENO, PSYCHOLOGY DEPARTMENT. AT FCI BIG SPRING TEXAS

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Violation of his Rights under The Eighth And Fourteenth Amendments. His untreated mental illness making it difficult for him to xondenpt on the vequremets of Litigtion and Causing delays.

Defendant #2: DR. WHEAT. PSYCICIGY DEPARTMENT at FCI B.G SPRING'S TEXAS.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Went to talk to her ambout my Illnes She (DR Wheat) Told me I was wasting Her time and told me to leave with out giving me a expliration.

Defendant #3: DR. WINGER, MEDICAN DEPARTMENT at FCI BIG SPRINGS Texas.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Dr. WIGER Change my medicetion from Zoloft which treats Depression, which treats anixiety with out my Consint or consalting with me first.

Defendant #4: DR LUBBER PSYCHOLOGY DOPASTMENT AT FCF BIG SPRING Texas

[crossed out text]

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Ask DR LUBBER To Help with my mental inress instead of helping me She (Dr lubber) Send me To The (SHU) Look Down. Not Taking my illness Serious.

Defendant #5: M.S Patton PSYCBLOGY TECHNICION. At FCF BIG SPRING Texas

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Eurytime I Needed To Talk to her about my medication She ms. Patton avoids Talking To me

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Getting Denide my medical needs by Stena It happend in FCI Big Springs Texas The date it Happend dated APRI 7, 8, 9, 10 of 2022, and Jun 3, 2022 Involved is DR Moreno, DR Wheat Dr Winger, PR Lubber, and Ms. Patten. Each Person listed on This form is not Talking my mental illness Serious While Im Incarceseted in f.c.I Big Spring R Texas

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Have me move To fortworth medical facility to Ge treated

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

ISLAM, YASER-AB SAid

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

06597-509

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division):_____
   2. Case number:_____
   3. Approximate date sanctions were imposed:_____
   4. Have the sanctions been lifted or otherwise satisfied?    ____YES ____NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? \_\_\_\_\_ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date warning was issued: _____

Executed on: _____
          DATE

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _[signature]_ day of JAN-11 , 20 23 .
      (Day)         (month)        (year)

_[signature]_
(Signature of Plaintiff)

**WARNING:** Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

1. Said, Islam Yaser-AB register# 66597-509 (heretofore Plaintiff) files complaint under <u>Bivens</u> and conditions of confinement for Eighth Amendment violations. Evident systemic deficiencies delivering adequate mental health care, staffing levels, policies, customs, despotic culture, systems auditing, and lack of accountability violating United States Constitution by individuals acting under color of federal law 42 U.S.C. (§1331(a).

2. Plaintiff diagnosed and suffers Post Traumatic Stress Disorder (heretofore PTSD) is designated Bureau of Prisons (heretofore BOP) chronic care identifier "CARE2-MH" while incarcerated at Big Spring Federal Correctional Institution (heretofore FCI Big Spring).

3. Excessive delays and deliberate indifference in consultations and/or treatment by Doctors Moreno and Wheat, et al after intake. Undiagnosed and chronic care inmates requesting consultation on questionaires are regularly waiting over thirty (30) days to be evaluated. An inmate has waited over ninety (90) days after completing three questionaires requesting consultation or desire to be evaluated. Psychology policy #5310.17 requires new inmates to be evaluated within fourteen (14) days and transferred inmates within thirty (30) days. During said delays, Plaintiff, et al are suffering symptoms such as, but not limited to manic depression, suicidal thoughts, violent urges, anxiety, emotional distress, mental anguish, PTSD flashbacks, and nightmares. Whereby creating an environment where staff and inmates may be in peril due to inmates forlorn mental health. This wanton deliberate indifference to mental health needs violates Eighth Amendment protection to be free from cruel and unusual punishment pursuant to B.O.P. policy.

4. Medications prescribed by government approved psychiatrists are changed for nonmedical reasons when Plaintiff's medication regimen is proving successful. Cost and additional paperwork for medication not listed on BOP formulary are two primary reasons for these unwanted and unwarranted medication changes. Aformention changes are void of consultation with psychologist, psychiatrist, or follow-up; Resulting in inmates wantonly suffering severe adverse side-effects. Lack of systematic follow-up is no peccadillos when vulnerable inmates whom may be mentally handicapped, illiterate, or in a state of diminished capacity, such as PTSD and manic depression are expected to professionally identify problems and self report.

5. Plaintiff was diagnosed with PTSD and prescribed Zoloft by government approved psychiatrist. Plaintiff reported a stable mental state with said medication regimen. Dr. Winger, FCI Big Spring Medical Doctor, was uncompromising, and unconscionably changed the medication...discontinuing Zoloft which treats depression,

substituting Busbar which treats anxiety, therefore causing Plaintiff to wantonly suffer manic depression, suicidal thoughts, violent urges, anxiety, mental anguish, PTSD flashbacks, and nightmares. Furthermore, Busbar exacerbated PTSD symptons forcing Plaintiff to suffer extremely vivid, chronic, and agonizing flashbacks of the traumatic day his two younger sisters were violently murdered.

6. Doctors Moreno and Wheat, et al routinely ignore electronic cop-outs, or don't respond timely. Plaintiff's medication regimen was proving effective; without explanation or justification said medication was changed. Plaintiff pursued remedies for help. Plaintiff attempted Psychology open house March 3, 2022 and Dr. Wheat stated, "You need to leave. You're wasting our time." Since 2021, Plaintiff has sent innumerable electronic cop-outs including, but not limited to 4-7-2022, 4-8-2022, 4-9-2022, 4-10-2022, and 6-3-2022 pleading for help, to no avail or response from staff. The self-deprecating 6-3-2022 electronic cop-out is a salient indicator of his desperate plea for help. On 4-29-2022, he simply stated, "Help!" Doctors Moreno and Wheat are acutely aware that he lacks rudimentary social skills, is illiterate, and socially inept. Psychology policy #5310.17 requires immediate response for crisis situations, or potential suicide risks and three business days for routine response. Aforemention wanton inactions, actions, and excessive delays triggered vivid tortuous flashbacks to the day his two younger sisters were murdered, manic depression, nightmares and violent urges towards self and others.

7. A deliberate indifferent and despotic culture pervades FCI Big Spring Psychology and Medical departments, upper echelon of FCI Big Spring, and BOP administrative staff, and many of FCI Big Spring rank and file. Wanton inaction of subsequent individuals perpetuates systemic deficiencies providing mental health care: Mr. Stearns; FCI Big Spring Warden; John Doe 1, FCI Big Spring Assistant Warden; John Doe 2, Administrative Assistant who processes administrative remedies at FCI Big Spring; John Doe 3, BOP Regional Director in Texas; John Doe 4, Regional Psychology Director; John Doe 5-9, staff processing administrative remedies at regional level; John Doe 10, BOP Director; John Doe 11, BOP Pschology Director; John Doe 12-16, staff processing administrative remedies at Central Office level.

8. Synopsis herein illuminates omnipresent issues cultivated by the deliberate indifferent despotic culture and insufficient Psychology Department staffing levels. FCI Big Spring currently has two (2) psychology staff for approximately one thousand (1,000) inmates, and operates on limited and restrictive open house hours and appointments. Initial evaluations are untimely. One chronic care inmate has waited over ninety (90) days and counting, yet to be called for consultation.

Substituting and altering medications for nonmedical reasona and no patient follow-up. Not responding to electronic, or written cop-outs timely, wantonly ignoring said communiques. Aforemention deficiencies cause the Plaintiff and inmates to suffer symptons such as but not limited to manic depression, emotional distress, mental anguish, PTSD flashbacks, violent urges towards themselves and others, and suicidal thoughts.

9. BOP staff take no prudent reasonable steps to abate wanton suffering endured by inmates. Prudent and reasonable steps enumerated herein; (1) Hire sufficient qualified staff; (2) Create, review, and amend all and any mental health policies and procedures; (3) Enforce and support adequate existing policies or procedures; (4) Perform audits ensuring compliance with adequate policies and procedures; (5) Remedial training for staff and personnel; reprimand or progressive disciplinary actions when aforemention indirectly or directly deviate from policies or procedures; (6) Reporting violatons of law or policy to appropriate authority having jurisdiction to rectify; (7) Ensuring adequate formulary; (8) Maintaining effective medications changing only when medically prudent and necessary. Prudent and reasonable pro-active countermeasures and remedies would have prevented a litany of past and present wanton suffering rendered upon the Plaintiff and other wards of FCI Big Spring.

10. Plaintiff requests a federal jury trial, punitive damages, and compensatory damages for emotional distress and mental anguish. FORTHWITH PLAINTIFF REQUEST injunctive relief deemed appropriate by judicial discretion under United States Constitution to cure systemic deficiencies in the mental health and medical care system; FCI Big Spring and B.O.P.

